UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JULIUS A. MCBRIDE, | ) | |
| Plaintiff, | ) | No. 3:12-cv-00437 |
| | ) | Judge Haynes |
| v. | ) | |
| | ) | |
| NBC UNIVERSAL and WBNX-TV The CW, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, Julius A. McBride, an inmate of the Davidson County Sheriff's Office, brings this pro se action under 28 U.S.C. § 1332, the federal diversity statute, against the Defendants, NBC Universal and WBNX-TV The CW, New York and Ohio companies, asserting claims for slander and harassment arising out of that slander broadcast on the Defendants' networks. (Docket No. 1). Plaintiff also submitted an application to proceed in forma pauperis. (Docket No. 2).

A review of Plaintiff's application to proceed in forma pauperis reflects that he has insufficient financial resources to pay the filing fee in this action. Therefore, the Clerk will file the complaint in forma pauperis. 28 U.S.C. §§ 1915(a), (b)(4).

Plaintiff is herewith assessed the three hundred fifty dollars ($350.00) civil filing fee. The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is directed under 28 U.S.C. §§ 1915(b)(1)(A) and (B) to submit to the Clerk of Court, as an initial payment, whichever is greater:

    (a)    twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust fund account; or

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income, or income credited to Plaintiff's inmate trust fund account for the preceding month, but only when his monthly income exceeds ten dollars ($10.00). 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. Id.

Under the Prison Litigation Reform Act (PLRA), the Courts must assess a prisoner's complaint to determine if the claims are frivolous, malicious, or fail to state grounds upon which relief may be granted. 28 U.S.C. § 1915A(b). Although pro se pleadings are construed liberally, Boag v. MacDougall, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal." McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

A review of Plaintiff's complaint reflects his allegation that, beginning in September 2005 to the present, Defendant NBC Universal, WBNX-TV The CW "and their affiliates and others to be named soon negligently or intentionally or maliciously allowed threating [sic] and defamatory statements to be said at and about and against plaintiff on their network stations." (Docket No. 1 at p. 2). Further, Plaintiff alleges that, as a result of Defendants' actions, Plaintiff experienced emotional distress, lost wages or income, mental and physical pain, and incurred losses of at least $148,000.00. Id.

Federal courts are courts of limited jurisdiction, and their jurisdiction or authority to hear controversies is defined in Article III of the Constitution. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Hudson v. Coleman, 347 F.3d 138, 141 (6th Cir. 2003). Federal

2

courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." Douglas v. E.G. Baldwin & Assocs., Inc., 150 F.3d 604, 607 (6th Cir. 1998), overruled on other grounds by Cobb v. Contract Transp., Inc., 452 F.3d 543, 548-49 (6th Cir. 2006). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. Kokkonen, 511 U.S. at 377.

Tennessee has a six month statute of limitations for defamation. Tenn. Code Ann. § 28-3-103. Tennessee does not apply its discovery rule to defamation claims. Quality Auto Parts Co, Inc. v. Bluff City Buick Co., Inc., 876 S.W.2d 818, 821-22 (Tenn. 1994). While this limitation period applies to each defamatory statement, Swafford v. Memphis Individual Practice Assn., No. 02A01-9612-CV-00311, 1998 WL 281935, at *6 (Tenn.Ct.App. Jun. 2, 1998), for a defamation claim, "a complaint...had to set out the exact language of the defamatory statement" or "the substance of the slanderous statement." Rose v. Cookeville Reg'l Med. Ctr., No. M2007-02368-COA-R3-CV, 2008 WL 2078056, at *4 (Tenn.Ct.App. May 14, 2008) (citation omitted). Plaintiff's complaint is devoid of any description of any alleged defamatory statements.

Moreover, where a complaint reveals, on its face, that the action is untimely filed, the Court can sua sponte dismiss the action. Norwood v. Michigan Dept. of Corr., 67 Fed.Appx. 286, 288 (6th Cir. 2003) (citing Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir. 1995)); Widner v. Bracke, 229 F.3d 1155, 2000 WL 114093, at *2 (6th Cir. Aug. 7, 2000). Plaintiff was well aware of his slander claims since 2005, but did not sign his complaint until April 25, 2012. Thus, the Court concludes that on its face, this complaint is untimely and this action is **DISMISSED with prejudice**.

The Clerk is **DIRECTED** to send a copy of this order to the Sheriff of Davidson County to ensure that the custodian of Plaintiff's inmate trust fund account complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees. Should Plaintiff be

transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this order follows Plaintiff to his new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

This is the Final Order in this action. Any appeal of this Order would not be in good faith as required by law. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

**ENTERED** this the ___16th___ day of May, 2012.

William J. Haynes, Jr.
United States District Judge